AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT
для the
Western District of Texas

**FILED**
MAY -1 2019
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY CLERK

United States of America
v.
VICTORIA GUERRA,
JOSE LOPEZ,
CELESTE NEAVES,
CHRISTOPHER SALAZAR,

Case No. 5:19-MJ-472

*Defendant(s)*

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of April 30, 2019 in the county of Bexar in the Western District of Texas, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. Sections 846, 841(a)(1) & 841(b)(1)(A) | Conspiracy to Possess and Possession with Intent to Distribute 500 grams or more of a Mixture or Substance Containing a Detectable Quantity of Methamphetamine.. |
| | PENALTIES: 10 years to LIFE imprisonment; $10,000,000 fine, Minimum mandatory 5 years supervised release, $100 mandatory special assessment. |

This criminal complaint is based on these facts:

See Attachment A

☒ Continued on the attached sheet.

*Complainant's signature*

TFO Bryan Smith, DEA
*Printed name and title*

☒ Sworn to before me and signed in my presence.
☐ Sworn to telephonically and signed electronically.

Date: May 1, 2019

*Judge's signature*

City and state: San Antonio, Texas

Henry J. Bemporad, United States Magistrate Judge
*Printed name and title*

ATTACHMENT "A"

**AFFIDAVIT IN SUPPORT OF COMPLAINT AND ARREST WARRANT**

Bryan Smith, BEING DULY SWORN, DEPOSES AND SAYS:

Affiant is a Texas Peace Officer and has been employed with the Bexar County Sheriff's Office for over 15 years. Affiant is currently assigned to the Bexar County Sheriff's Office Narcotics Section and is also assigned as a Task Force Officer with the Drug Enforcement Administration (DEA) San Antonio District Office. Affiant has participated in State and federal search/arrest warrants and narcotics related cases, and has made numerous arrests for narcotics violations, which have resulted in successful prosecution. Affiant has personally participated in this investigation, and is thoroughly familiar with the information contained in this affidavit, through personal investigation and/or through discussions with other law enforcement personnel.

On April 30, 2019, Affiant utilized a confidential Source (CS1) to conduct recorded phone calls with VICTORIA GUERRA. During the recorded phone calls, GUERRA agreed to middleman a four (4) kilogram crystal methamphetamine drug transaction with CS1. GUERRA indicated on the recorded phone calls that GUERRA need to contact her crystal methamphetamine source of supply (SOS). TFO Smith and SA David Galvan met with CS1 at an undisclosed location.

During the meeting, CS1 and CS1's vehicle was searched for contraband. After yielding negative results, CS1 was given video/audio recording equipment to record the meeting with GUERRA. Surveillance units followed CS1 to the McDonalds located at 3502 Roosevelt Ave, San Antonio, Texas where CS1 picked up GUERRA. GUERRA

contacted JOSE LOPEZ and requested the four (4) kilograms of crystal methamphetamine for CS1.

CS1 directed GUERRA to have LOPEZ call CS1 on a recorded phone line to discuss the details of the drug transaction. Several minutes later, LOPEZ called CS1 and discussed the drug transaction. LOPEZ also indicated that LOPEZ wanted the drug transaction to occur at the Rainbow Motel located at 4740 S Presa Street, San Antonio, Texas. LOPEZ told CS1 that Lopez would call his chick, who LOPEZ called "Celeste", to get the crystal methamphetamine for the drug transaction. LOPEZ told CS1 that each kilogram of crystal methamphetamine would cost $6,500.00 USC. CS1 agreed and contacted TFO Smith with the details. TFO Smith previously had DPS conducting surveillance of the Rainbow Motel.

During the time of the recorded phone calls with LOPEZ, DPS surveillance observed LOPEZ outside on the phone with CS1. TFO Smith directed CS1 to go to the Rainbow Motel with GUERRA to meet with LOPEZ. At the same time, TFO Smith directed a second confidential source (CS2) to go to the Rainbow Motel to be introduced by CS1 to LOPEZ and GUERRA. Surveillance followed CS1 to the Rainbow Motel. TO Smith and SA Galvan met with CS2 at an undisclosed location. During the meeting, CS2 and CS2's vehicle was searched for contraband.

After yielding negative results, CS2 was followed to the Rainbow Motel. CS1 introduced CS2 to LOPEZ and GUERRA. At the same time LOPEZ introduced CELESTE NEAVES to CS1 and CS2 as LOPEZ's chick. NEAVES told CS2 that NEAVES's crystal methamphetamine source of supply (SOS) was at the Seven Eleven gas station located at 2302 West Ave, an Antonio, Texas.

Both NEAVES and GUERRA got in CS2's vehicle with CS2 and traveled to the Seven Eleven gas station. Surveillance was previously established before CS2, NEAVES, and GUERRA's arrival. While at the gas station, CS2 was on an open phone line with TFO Smith. NEAVES directed CS2 to pull out of the gas station onto the 1800 block of W Hermine Blvd. NEAVES directed CS2 to part in front of a maroon Mitsubishi sedan parked on the street with its hood open. DPS surveillance observed NEAVES meet with CHRISTOPHER SALAZAR, the driver of the Mitsubishi sedan, and receive a blue bag. CS2, GUERRA, and NEAVES then drove several blocks away with the blue bag. TFO Smith directed the arrest team to apprehend SALAZAR. A separate arrest team apprehended GUERRA and NEAVES. SA Galvan recovered a blue lunch bag that contained the crystal methamphetamine. SALAZAR was read his Miranda Rights and agreed to cooperate with law enforcement. GUERRA was read her Miranda Rights and agreed to cooperate with law enforcement. NEAVES was read her Miranda Rights and refused to cooperate with law enforcement. A third arrest team was able to apprehend LOPEZ at the Rainbow Motel. LOPEZ was read his Miranda Rights and refused to cooperate with law enforcement.

GUERRA stated that she set the entire drug transaction up between LOPEZ, NEAVES, and the CS's. GUERRA was going to be compensated $200.00 USC per kilogram of crystal methamphetamine the CS's purchased. SALAZAR stated that earlier the same date, NEAVES left the blue bag containing the crystal methamphetamine in SALAZAR's vehicle. TFO Smith asked SALAZAR if SALAZAR knew what was inside the blue bag. SALAZAR indicated crystal methamphetamine. TFO Smith and SA Galvan met with CS2 at an undisclosed location. CS2 and CS2's vehicle was again searched for

contraband with negative results. CS2 told TFO Smith that NEAVES only wanted to sell one (1) kilogram to see how things went. If the drug transaction went well, NEAVES would get the additional three (3) kilograms from NEAVES's SOS for a second drug transaction. LOPEZ, GUERRA, NEAVES, and SALAZAR were each transported to the GEO Federal Holding Facility pending their initial hearings. LOPEZ, GUERRZ, NEAVES, and SALAZAR were each in possession of a cellphone at the time of their arrests. The cellphones were seized as evidence pending search warrants. The crystal methamphetamine had a total approximate gross weight of 1,030.00 grams and field tested positive for methamphetamine.

Further Affiant sayeth not.

TFO Bryan Smith, DEA

Subscribed and sworn to on this the 1st day of May, 2019.

HENRY J. BEMPORAD
UNITED STATES MAGISTRATE JUDGE

4